UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAUL BRIDGEFOURTH,

                    Petitioner,

          -vs-

SUPERINTENDENT ARTUS,

                    Respondent.

_____

**DECISION AND ORDER**
**No. 05-CV-0739(VEB)**

## INTRODUCTION

Petitioner, Paul Bridgefourth ("Bridgefourth"), has filed two petitions in this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The first petition, filed on or about August 1, 2005, challenges his conviction following a jury trial in Erie County Court (Buscaglia, J.) on December 18, 2001, to three counts of robbery in the first degree (Penal Law § 160.15(4)). *See* Petition (Docket No. 1: No. 05-CV-535). The second petition, which is at issue here, was filed on or about October 17, 2005 . This petition challenges his conviction following a guilty plea on April 2, 2002, in Erie County Court (Buscaglia, J.) to multiple charges of first degree robbery, attempted first degree robbery, and second degree menacing. *See* Petition (Docket No. 1: No. 05-CV-739). The parties have consented to disposition of both matters by the undersigned pursuant to 28 U.S.C. § 636(c).

On August 21, 2006, Bridgefourth submitted a one-sentence letter to the Court that was docketed in No. 05-CV-535. *See* Docket No. 11: No. 05-CV-535). Bridgefourth stated, "I would like to enter into the District Court a stay of execution [sic] under 28 USC(A) [sic] 2244D and 28

USC 2251 that all judgment be preserve until judgment on 440.10 is render [sic]." *See id.*  The Court has construed this as a motion for a stay and, for the reasons set forth in a separate Order filed in No. 05-CV-535, has denied the motion without prejudice with leave to refile.

With respect to the petition in the present action, No. 05-CV-739, which relates to Bridgefourth's conviction following the guilty plea, respondent has answered the petition and interposed the affirmative defenses of non-exhaustion and procedural default. *See* Docket Nos. 8, 9: No. 05-CV-739. Bridgefourth submitted a reply memorandum of law, arguing mainly about the outcome of his suppression hearing. *See* Docket No. 11: No.05-CV-739. The Court observes that the petition filed in No. 05-CV-739 is now ready for decision. For the reasons set forth below, a writ of habeas corpus is denied and the petition is dismissed.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 3, 2000, Bridgefourth was charged in a twelve-count indictment with ten counts of first degree robbery (N.Y. Penal Law § 160.15(3), (4)), one count of attempted first degree robbery (N.Y. Penal Law §§ 110.00, 160.15(4)), and one count of second degree menacing (N.Y. Penal Law § 120.14(1)). The charges stemmed from Bridgefourth's alleged responsibility for the armed robbery of several convenience stores and restaurants, a motel, and other private businesses in Buffalo, New York; Tonawanda, New York; and Amherst, New York during the period of July 2000 to September 2000.

Following a suppression hearing regarding the pre-trial photographic array and line-up procedures, the County Court (Buscaglia, J.) denied Bridgefourth's suppression motion on February 22, 2002. A hearing regarding the legality of Bridgefourth's arrest was conducted, and the trial court ruled against Bridgefourth on that suppression motion. Bridgefourth subsequently

pleaded guilty as charged in the indictment and was sentenced as a second felony offender to

concurrent terms of imprisonment, the longest of which was twenty-five years. As part of his

guilty plea, Bridgefourth did not waive his right to appeal.[1]

On appeal to the Appellate Division, Fourth Department, Bridgefourth challenged the

mug shot that was used in the photographic arrays as the product of an illegal arrest and argued

that his sentence was harsh and excessive. At around the same time, Bridgefourth also challenged

his conviction after the jury trial, which the Appellate Division designated as Appeal No. 1; the

appeal regarding the conviction following the guilty plea was Appeal No. 2. The Appellate

Division discussed the merits of both Appeal No. 1 and Appeal No. 2 in a memorandum decision

and order entered December 30, 2004. *People v. Bridgefourth*, 13 A.D.3d 1165, 787 N.Y.S.2d

535 (App. Div. 4th Dept. 2004). On the same day, the Appellate Division also filed an order in

respect to Appeal No. 2 only, disposing the claims raised in support of Appeal No. 2 for the same

reasons as those set forth in the opinion regarding Appeal No. 1. *People v. Bridgefourth*, 13

A.D.3d 1168, 786 N.Y.S.2d 751 (App. Div. 4th Dept. 2004). Leave to appeal to the New York

Court of Appeals was denied.

This timely habeas petition followed. For the reasons set forth below, the petition is

dismissed.

**DISCUSSION**

**1.      Fourth Amendment violation: Petitioner's arrest was without probable cause.**

---

[1]        In the meantime, as noted above, Bridgefourth had been tried before a jury in Erie County Court (Buscaglia, J.) on three counts of first degree robbery (N.Y. Penal Law § 160.15(4)), and convicted as charged on December 21, 2001. That conviction is the subject of Bridgefourth's § 2254 petition in No. 05-CV-535(VEB), which also is currently pending before the Court.

Bridgefourth contends that his arrest was based only on the "anonymous tipster report" and therefore was without probable cause. *See* Petition, ¶12(a) at 5 (Docket No. 1: No. 05-CV-739). As respondent argues, this claim based upon an alleged violation of petitioner's Fourth Amendment rights is not cognizable on federal habeas review under the doctrine articulated in *Stone v. Powell*, 428 U.S. 465 (1976).

In *Stone v. Powell*, the Supreme Court held that "where the State has provided an *opportunity* for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 481-82 (emphasis added). Following *Stone v. Powell*, the Second Circuit developed a "litmus test to discern when a state prisoner has been denied an opportunity for full and fair litigation of his fourth amendment claims." *Capellan v. Riley*, 975 F.2d 67, 69-71 (2d Cir. 1992) (citing *Gates v. Henderson*, 568 F.2d 830 (2d Cir. 1977) (*en banc*), *cert. denied*, 434 U.S. 1038 (1978)). The panel in *Gates* observed that "'all that the [Supreme] Court required was that the state [ ] provide[ ] the *opportunity* to the state prisoner for a full and fair litigation of the Fourth Amendment claim . . . .'" *Id.* (quoting *Gates*, 568 F.2d at 839) (emphasis in original). The Second Circuit concluded that review of Fourth Amendment claims presented by habeas petitioners would be undertaken in only one of two instances: (a) if the State provided no corrective procedures at all to redress the alleged Fourth Amendment violations; or (b) if the State has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an "unconscionable breakdown in the underlying process." *Id.* (quoting *Gates*, 568 F.2d 840 and citing *McPhail v. Warden, Attica Correctional Facility*, 707 F.2d 67, 70

-4-

(2d Cir. 1983)).

Notably, all that must be shown is that the State has provided an opportunity to litigate the petitioner's Fourth Amendment claim; it matters not whether the petitioner actually "took advantage of the State's procedure." *Graham v. Costello*, 299 F.3d 129, 134 (2d Cir. 2002). Indeed, as the Second Circuit has noted, "the 'federal courts have approved New York's procedure for litigating Fourth Amendment claims, embodied in N.Y. Crim. Proc. Law § 710.10 *et seq.* (McKinney 1984 & Supp.1988), as being facially adequate.'" *Capellan*, 975 F.2d at 70 n.1 (quoting *Holmes v. Scully*, 706 F. Supp. 195, 201 (E.D.N.Y. 1989) and citing *Gates*, 568 F.2d at 837 & n. 4; *Shaw v. Scully*, 654 F. Supp. 859, 864 (S.D.N.Y. 1987)).

Bridgefourth cannot, and does not contend that New York failed to provide a corrective procedure to redress his alleged fourth amendment claim. Rather, Bridgefourth merely is asserting that the state courts erroneously decided his motion to suppress. Dissatisfaction or disagreement with the outcome of a motion is not sufficient to establish that "an unconscionable breakdown" occurred in the existing process in violation of a petitioner's constitutional rights. *See Capellan*, 975 F.2d at 71 ("Even if [petitioner] were correct in his allegation that the Appellate Division erroneously decided this issue, a petitioner cannot gain federal review of a fourth amendment claim simply because the federal court may have reached a different result.") (citing *Gates*, 568 F.2d at 839). The Second Circuit explained that reading *Stone v. Powell* as requiring the reviewing court "to focus on the correctness of the outcome resulting from the application of adequate state court corrective procedures, rather than on the existence and application of the corrective procedures themselves, . . . would be assuming, implicitly at least, that state courts were not responsible forums in which to bring constitutional claims such as is

-5-

presented herein." *Capellan*, 975 F.2d at 71. According to the Second Circuit, *Stone v. Powell*

"expressly discourage[d] [it] from making any such assumption." *Id.* (citing 428 U.S. at 493-94

n. 35) ("[W]e are unwilling to assume that there now exists a general lack of appropriate

sensitivity to constitutional rights in the trial and appellate courts of the several States.").

Thus, to the extent that Bridgefourth claims that the state courts erred in their rulings, it

does not give this Court the authority to review his claims "since a mere disagreement with the

outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the

state's corrective process." *Id.* Accordingly, Bridgefourth's claims relating to alleged Fourth

Amendment violations are not cognizable in this federal habeas proceeding.

## 2.    Witnesses from the police department committed perjury

Bridgefourth contends that the "Buffalo police patently tailored their testimony to fit the

constitution." Petition, ¶12(b) at 5 (Docket No. 1: No. 05-CV-739). Bridgefourth states that

> the Police testified I volunteered to an investigation they did not have facts [sic],
> only hearsay testimony unsupported at the inception of the stop. An investigation
> is an act of suspicion, supported by reasonable cause, in which the Buffalo Police
> did not have at this initial step.

*Id.* It is apparent that this claim relates to testimony given by the police officers at the pre-trial

suppression hearing and concerns the stop of the petitioner and his subsequent arrest.

This claim is not cognizable on habeas review for several reasons. First, Bridgefourth's

guilty plea bars him from litigating in federal court any alleged deprivation of constitutional

rights that occurred prior to the entry of his guilty plea. It is well-settled that "[a] defendant who

pleads guilty unconditionally while represented by counsel may not assert independent claims

relating to events occurring prior to the entry of the guilty plea." *United States v. Coffin*, 76 F.3d

494, 497 (2d. Cir.), *cert. denied*, 517 U.S. 1147 (1996). Rather, "'[h]e may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutionally acceptable] standards.'" *Id.* (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). In other words, "the issue [is] not the merits of these [independent] claims as such, but rather whether the guilty plea had been made intelligently and voluntarily with the advice of competent counsel." *Id.* at 265. Bridgefourth has not argued in the state court, and he does not argue now that his guilty plea was not voluntary or that he did not receive the effective assistance of counsel with regard to his decision to plead guilty. Because this claim seeks relief based on alleged deprivation of constitutional rights which occurred before the entry of petitioner's guilty plea, the claim is not cognizable on federal habeas review. *See Tollett*, 411 U.S. at 267.

In addition, the claim arguably is barred under the doctrine of *Stone v. Powell*, because it relates to alleged errors that occurred at the suppression hearing litigating his Fourth Amendment claims. *See Stone v. Powell*, 428 U.S. at 481-82.

Respondent also argues that this claim is unexhausted because it has not been raised in state court but that it is nevertheless procedurally defaulted because Bridgefourth has no avenue in state court by which to raise this claim. "'For exhaustion purposes, "a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred."'" *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 1997) (quoting *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991) (quoting *Harris v. Reed*, 489 U.S. 255, 263 n. 9 (1989))). "In such a case, a petitioner no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. § 2254(b)." *Grey v. Hoke*, 933 F.2d at 120; *Bossett v.*

*Walker*, 41 F.3d 825, 828 (2d Cir. 1994) ("[I]f the petitioner no longer has 'remedies available' in the state courts under 28 U.S.C. § 2254(b), we deem the claims exhausted."), *cert. denied*, 514 U.S. 1054 (1995). Consequently, such procedurally barred claims are "deemed exhausted" by the federal courts. *Reyes v. Keane*, 118 F.3d at 139.

Bridgefourth has already used the one direct appeal to which he is entitled under New York law. *See* N.Y. Court Rules § 500.10(a). Although New York provides a mechanism for collaterally attacking a judgment that is in violation of constitutional rights, see N. Y. Crim. Proc. Law § 440.10(1)(h), any attempt by the petitioner to bring such a [§ 440.10] motion would be futile. This is because Section 440.10(2)(c) of New York's Criminal Procedure Law ("C.P.L.") mandates that the state court deny any 440.10 motion where the defendant unjustifiably failed to argue such constitutional violation on direct appeal despite a sufficient record. *Reyes v. Keane*, 118 F.3d at 139-40 (citing *Levine v. Commissioner of Correctional Servs.*, 44 F.3d 121, 126 (2d Cir. 1995) (refusing to conduct federal habeas review where New York's appellate court found claim to be procedurally barred under C.P.L. § 440.10(2)(c)).

Thus, the Court agrees with respondent that although this claim must be "deemed exhausted," it nevertheless is procedurally defaulted and further review is precluded. To avoid such a procedural default, a habeas petitioner must demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice, *i.e.*, a showing of actual innocence. *Harris v. Reed*, 489 U.S. 255, 262 (1989). Here, Bridgefourth has not alleged cause or prejudice, and neither is present on the record before this Court. Bridgefourth also has not made the showing of "actual innocence" necessary to warrant the "fundamental miscarriage of justice"

exception. Accordingly, habeas review is not available.

**3.      Petitioner was denied his Sixth Amendment right of cross-examination**

As his third ground for habeas relief, Bridgefourth contends that he was denied the opportunity to cross-examine the "anonymous tipster" who provided information to the police that led to his arrest. Petition, ¶12(c) at 5 (Docket No. 1: No.-05-CV0-739). Like Bridgefourth's claim regarding the alleged perjury by the police officers at the suppression hearing, this claim is also foreclosed by his guilty plea. *See*, *e.g.*, *Tollett*, 411 U.S. at 267. In addition, as respondent argues, the claim does not appear to have been raised in the state courts and therefore it is unexhausted. However, it must be deemed exhausted because Bridgefourth no longer has any available remedies in the New York state courts. *See* N.Y. Court Rules § 500.10(a); N.Y. Crim. Proc. Law § 440.10(2)(c); *Grey v. Hoke*, 933 F.2d at 120.  Of course, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim," *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Here, Bridgefourth has not alleged cause or prejudice, and neither is present on the record before this Court. Bridgefourth also has not made the showing of "actual innocence" necessary to warrant the "fundamental miscarriage of justice" exception. Accordingly, habeas review is not available on this claim.

**4.      Petitioner's *Miranda* rights were violated**

Finally, Bridgefourth contends that he was not read the *Miranda* warnings when he was stopped by the police and that the testimony of the Buffalo police officers did not support a finding that he, in fact, ever waived his rights. *See* Petition, ¶12(d) at 5 (Docket No. 1: No. 05-CV-739). This claim, like his second and third claims, concerns an alleged constitutional

violation antecedent to his guilty plea and, therefore, is precluded from being challenged on federal habeas review. *See Tollett*, 411 U.S. at 267.

Respondent also argues that this claim is unexhausted because Bridgefourth never raised it in a state court forum. However, even if this claim were cognizable here, it must be deemed exhausted because Bridgefourth no longer has any available remedies in the New York state courts. *See* N.Y. Court Rules § 500.10(a); N.Y. Crim. Proc. Law § 440.10(2)(c); *Grey v. Hoke*, 933 F.2d at 120. It is, of course, also procedurally defaulted. *See Grey*, 933 F.2d at 120. As Bridgefourth has not demonstrated cause or prejudice, let alone that he is "actually innocent," there is no basis for this Court to overlook the procedural default.

## CONCLUSION

For the reasons stated above, Paul Bridgefourth's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed.  Because petitioner has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

**IT IS SO ORDERED**

/s/ *Victor E. Bianchini*

_____

VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:     February 26, 2007
               Buffalo, New York.